1-08-CV-0167

FILED IN CLERK'S OFFICE
U.S. ...lanta

JAN 16 2008

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELLA C. McFARLIN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | NO. 1:08-CV-0167 |
| ) | |
| AMERIQUEST MORTGAGE ) | COMPLAINT |
| COMPANY, AMC MORTGAGE ) | |
| SERVICES, and CITI ) | JURY TRIAL DEMANDED |
| RESIDENTIAL LENDING, INC., ) | |
| ) | |
| Defendants. | |

Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiff's right to rescind a consumer credit transaction and to recover court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z").

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. §1640(e) and 28 U.S.C. §1331, §1337.

## III. PARTIES

3. Plaintiff is a United States citizen who resides in DeKalb County, Georgia.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that regularly engages in the business of mortgage lending and does substantial business in the state of Georgia. Ameriquest may be served with process by service upon its registered agent, National Registered Agents, Inc., 3761 Venture Drive, Duluth, Georgia 30096.

5. Defendant AMC Mortgage Services ("AMC") is a corporation that holds securitized pools of residential mortgage loans. AMC does substantial business in the state of Georgia. For example, AMC frequently takes assignment of residential mortgage loans entered into by Georgia borrowers and secured by property located in the state of Georgia. Further, AMC frequently, using Georgia attorneys, forecloses on residential property in Georgia by availing itself of Georgia law regarding real property foreclosure and by advertising in Georgia newspapers. AMC's corporate address is 1100 Town & Country Road, Suite 1100, Orange, California 92868. AMC may be served with process by service upon its registered agent, National Registered Agents, Inc., 3761 Venture Drive, Duluth, Georgia

30096.

6. Defendant Citi Residential Lending, Inc. ("Citi") is a corporation that holds securitized pools of residential mortgage loans. Citi does substantial business in the state of Georgia. For example, Citi frequently takes assignment of residential mortgage loans entered into by Georgia borrowers and secured by property located in the state of Georgia. Further, Citi frequently, using Georgia attorneys, forecloses on residential property in Georgia by availing itself of Georgia law regarding real property foreclosure and by advertising in Georgia newspapers. Citi's corporate address is 1100 Town & Country Road, Suite 400, Orange, California 92868. Citi may be served with process by service upon its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## IV. FACTUAL BACKGROUND

7. At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

8. On or about January 18, 2005, Plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed (the "Transaction"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

9. The Transaction is subject to TILA.

10. As part of the Transaction, Ameriquest acquired a security interest in residential real property already owned by Plaintiff and used as her principal dwelling.

11. Ameriquest assigned its interest in the Transaction to AMC and then to Citi. This allegation is made on information and belief, based on AMC and Citi having asserted an ownership of the mortgage loan in the Transaction.

## V. STATUTORY CLAIMS: RESCISSION AND DAMAGES UNDER TILA

12. Plaintiff incorporates above paragraphs 1-11.

13. In connection with the Transaction, Ameriquest was required to provide

disclosures under TILA.

14. The Transaction is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

15. In connection with the Transaction, Ameriquest violated TILA and Regulation Z by not providing Plaintiff proper disclosure of either the material credit terms in the Transaction or Plaintiff's right to rescind the Transaction. Specifically, Plaintiff did not receive a legally sufficient Notice of Right to Cancel.

16. As a result of the above violations of TILA and Regulation Z, Plaintiff obtained a continuing right to rescind the Transaction, along with a right to obtain attorney's fees, costs, and litigation expenses in connection with an action to enforce the rescission right.

17. On January 15, 2008, Plaintiff rescinded the Transaction by having her attorney send timely rescission demands to Ameriquest, AMC, and Citi by U.S. Mail, certified, return receipt requested. These demands are attached hereto as Exhibits A, B, and C, respectively.

18. Upon the mailing of the above rescission demands on January 15, 2008, Plaintiff, Ameriquest, AMC, and Citi were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all

contractual obligations arising from or connected with the Transaction, including any arbitration agreement, were rendered, as of January 15, 2008, void and unenforceable.

19. Actual damages under TILA, resulting from Ameriquest's, AMC's, and Citi's failure to comply with Plaintiff's rescission demand, will include loss of equity in Plaintiff's home, relocation expenses, emotional distress, and injury to reputation.

## VI. CLAIM FOR EQUITABLE RELIEF

20. Plaintiff incorporates above Paragraphs 1 through 19.

21. Plaintiff's rescission of the Transaction gives her a complete defense to possible foreclosure. However, since foreclosures in Georgia are non-judicial, Plaintiff could not assert this defense in a foreclosure proceeding.

22. Foreclosure would cause Plaintiff to suffer irreparable injury that could not be redressed by an award of monetary damages.

23. Being without an adequate remedy at law, Plaintiff is entitled to equitable relief.

WHEREFORE, Plaintiff prays that this Court:

(1) declare that Plaintiff's rescission of the Transaction at bar had the

immediate and automatic effect, on January 15, 2008, of rendering void and unenforceable all contractual obligations arising from or connected with the Transaction, including any arbitration agreement, and of returning Plaintiff and Defendants to the status quo ante;

(2) rescind the Transaction at bar and declare void all of the charges imposed therein;

(3) declare void any security interest created under the Transaction;

(4) order Defendants to take any action necessary to terminate any security interest in Plaintiff's property created under the Transaction;

(5) enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiff of her interest in that property or to limit, qualify, or inhibit that interest in any way;

(6) order the return to Plaintiff of any money or property given by her to anyone, including Defendants, in connection with the transaction;

(7) award Plaintiff costs, litigation expenses, and reasonable attorney's fees;

(8) hold a jury trial on all issues so triable; and,

(9) award such other and further relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED**

_Donald S. Horace, Esq._
Attorney for Plaintiff
Georgia Bar No. 366730

Attorney at Law
Senior Citizens Law Project
Atlanta Legal Aid Society, Inc.
151 Spring Street, N.W.
Atlanta, Georgia 30303
Office Telephone: (404) 614-3986
Cell Telephone:   (404) 213-6473
Facsimile:        (404) 525-5710
dshorace@atlantalegalaid.org

**Attorney for Plaintiff**

January 16, 2008
Date

-8-

## SENIOR CITIZENS LAW PROJECT
## ATLANTA LEGAL AID SOCIETY

Director
    Stephen M. Krumm

Staff Attorneys
    Stacy Reynolds
    Erin Shear
    Stacey Hillock
    Donald S. Horace
    Jennifer C. Staack

Paralegal
    Bomani Bakari

151 Spring Street, N.W.
Atlanta, Georgia 30303-2097
(404) 524-5811
TTY/TTD (404) 577-3727
Fax (404) 525-5710

DIRECT DIAL #: (404) 614-3986

January 15, 2008

**VIA CERTIFIED MAIL/RETURN RECEIPT**
Ameriquest Mortgage Company
1600 South Douglass Road
Anaheim, California 92806

    Re:    Loan No. 0105579627
              Transaction Between Della C. McFarlin and Ameriquest Mortgage
              Company, Dated January 18, 2005, Involving Note and Security Deed

Dear Sir or Madam::

    I represent Della C. McFarlin (hereinafter referred to as "Ms. McFarlin") with regards to the January 18, 2005 transaction referenced above (hereinafter referred to as "Transaction"). I have been authorized by Ms. McFarlin to rescind the Transaction and hereby exercise that right on her behalf pursuant to the Truth in Lending Act (hereinafter referred to as "TILA"), 15 U.S.C. §1635, and Regulation Z, 12 C.F.R. §226.23. Under TILA, this rescission is effective as to all aspects of the Transaction, including all documents signed in connection therewith, and automatically and immediately places the parties in the status quo ante, i.e., in their pre-contractual positions, before the parties entered into the Transaction. This rescission is specifically directed toward and immediately renders void and unenforceable, without the necessity of a court order, any arbitration agreement relevant to the Transaction.

    Ms. McFarlin has a present right to rescind the Transaction because she was not provided with proper disclosure of either the material credit terms in the Transaction or her right to rescind the Transaction. For example, Ms. McFarlin did not receive a legally sufficient Notice of Right to Cancel.


PLAINTIFF'S EXHIBIT A

Ameriquest Mortgage Company
January 15, 2008
Page 2 of 2

    Under applicable law, you have twenty (20) calendar days, after receipt of this letter, to return to Ms. McFarlin all monies paid by her in the Transaction and to take any action necessary to reflect and complete the termination of any security interest created under the Transaction.

Sincerely,

Donald S. Horace, Esq.

cc:    Della C. McFarlin
       2157 Green Forrest Drive
       Decatur, Georgia 30032

## SENIOR CITIZENS LAW PROJECT
## ATLANTA LEGAL AID SOCIETY

*Director*
   Stephen M. Krumm

*Staff Attorneys*
   Stacy Reynolds
   Erin Shear
   Stacey Hillock
   Donald S. Horace
   Jennifer C. Stoack

*Paralegal*
   Bomani Bakari

151 Spring Street, N.W.
Atlanta, Georgia 30303-2097
(404) 524-5811
TTY/TTD (404) 577-3727
Fax (404) 525-5710

DIRECT DIAL #: (404) 614-3986

January 15, 2008

**VIA CERTIFIED MAIL/RETURN RECEIPT**
AMC Mortgage Services
P.O. Box 5926
Carol Stream, Illinois 60197-5926

   Re:   Loan No. 0105579627
           Transaction Between Della C. McFarlin and Ameriquest Mortgage
           Company, Dated January 18, 2005, Involving Note and Security Deed

Dear Ms. Wood-Wagner:

      I represent Della C. McFarlin (hereinafter referred to as "Ms. McFarlin") with regards to the January 18, 2005 transaction referenced above (hereinafter referred to as "Transaction"). I have been authorized by Ms. McFarlin to rescind the Transaction and hereby exercise that right on her behalf pursuant to the Truth in Lending Act (hereinafter referred to as "TILA"), 15 U.S.C. §1635, and Regulation Z, 12 C.F.R. §226.23. Under TILA, this rescission is effective as to all aspects of the Transaction, including all documents signed in connection therewith, and automatically and immediately places the parties in the status quo ante, i.e., in their pre-contractual positions, before the parties entered into the Transaction. This rescission is specifically directed toward and immediately renders void and unenforceable, without the necessity of a court order, any arbitration agreement relevant to the Transaction.

      Ms. McFarlin has a present right to rescind the Transaction because she was not provided with proper disclosure of either the material credit terms in the Transaction or her right to rescind the Transaction. For example, Ms. McFarlin did not receive a legally sufficient Notice of Right to Cancel.


PLAINTIFF'S EXHIBIT B

AMC Mortgage Services
January 15, 2008
Page 2 of 2

      Under applicable law, you have twenty (20) calendar days, after receipt of this letter, to return to Ms. McFarlin all monies paid by her in the Transaction and to take any action necessary to reflect and complete the termination of any security interest created under the Transaction.

Sincerely,

*[signature]*

Donald S. Horace, Esq.

cc:    Della C. McFarlin
        2157 Green Forrest Drive
        Decatur, Georgia 30032

## *SENIOR CITIZENS LAW PROJECT*
## *ATLANTA LEGAL AID SOCIETY*

Director
   Stephen M. Krumm

Staff Attorneys
   Stacy Reynolds
   Erin Shear
   Stacey Hillock
   Donald S. Horace
   Jennifer C. Staack

Paralegal
   Bomani Bakari

*151 Spring Street, N.W.*
*Atlanta, Georgia 30303-2097*
*(404) 524-5811*
*TTY/TTD (404) 577-3727*
*Fax (404) 525-5710*

DIRECT DIAL #: (404) 614-3986

January 15, 2008

**VIA CERTIFIED MAIL/RETURN RECEIPT**
Kathy Wood-Wagner
Citi Residential Lending, Inc.
Vice President, Counsel and Servicing
1100 Town & Country Road, Suite 400
Orange, California 92868

    Re:    Loan No. 0105579627
              **Transaction Between Della C. McFarlin and Ameriquest Mortgage Company, Dated January 18, 2005, Involving Note and Security Deed**

Dear Ms. Wood-Wagner:

    I represent Della C. McFarlin (hereinafter referred to as "Ms. McFarlin") with regards to the January 18, 2005 transaction referenced above (hereinafter referred to as "Transaction"). I have been authorized by Ms. McFarlin to rescind the Transaction and hereby exercise that right on her behalf pursuant to the Truth in Lending Act (hereinafter referred to as "TILA"), 15 U.S.C. §1635, and Regulation Z, 12 C.F.R. §226.23. Under TILA, this rescission is effective as to all aspects of the Transaction, including all documents signed in connection therewith, and automatically and immediately places the parties in the status quo ante, i.e., in their pre-contractual positions, before the parties entered into the Transaction. This rescission is specifically directed toward and immediately renders void and unenforceable, without the necessity of a court order, any arbitration agreement relevant to the Transaction.

    Ms. McFarlin has a present right to rescind the Transaction because she was not provided with proper disclosure of either the material credit terms in the Transaction or her right to rescind the Transaction. For example, Ms. McFarlin did not receive a legally sufficient Notice of Right to Cancel.


PLAINTIFF'S EXHIBIT C

Citi Residential Lending, Inc.
January 15, 2008
Page 2 of 2

      Under applicable law, you have twenty (20) calendar days, after receipt of this letter, to return to Ms. McFarlin all monies paid by her in the Transaction and to take any action necessary to reflect and complete the termination of any security interest created under the Transaction.

Sincerely,

Donald S. Horace, Esq.

cc:    Della C. McFarlin
        2157 Green Forrest Drive
        Decatur, Georgia 30032